ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

KAITLIN PAULSON (CABN 316804)
SAILAJA M. PAIDIPATY (NY 5160007)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    kaitlin.paulson@usdoj.gov
    sailaja.paidipaty@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 24-0336 VC |
| Plaintiff, | [~~PROPOSED~~] DETENTION ORDER |
| v. | |
| ALEX MALDONADO-TURCIOS, | |
| Defendant. | |

On June 11, 2024, defendant Alex Maldonado-Turcios was charged by Information with Possession with Intent to Distribute Fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

This matter came before the Court on June 18, 2024, for a detention hearing. The defendant was present and represented by Assistant Federal Public Defender Sophia Whiting. Assistant United States Attorney Sailaja M. Paidipaty appeared for the government. The government moved for detention, and the defendant opposed. At the hearing, counsel submitted proffers and arguments regarding detention.

Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on the record, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the person as required. Accordingly, the defendant

must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the detention hearing and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1). As noted on the record, the Court makes the following findings as the bases for its conclusion: Defendant Alex Maldonado-Turcios has been in the local community for a limited period of time. He has the support of his significant other who agreed to sign an unsecured bond and serve as a custodian. According to the government, U.S. Immigration and Customs Enforcement lodged a detainer against Maldonado-Turcios and he will be subject to immigration proceedings based on his immigration status. Defense counsel proffered that she is working to find counsel or a case worker to address Maldonado-Turcios's avenues for immigration relief. Based on the current record, the Court finds that without these structures in place prior to release, the risk of flight cannot be mitigated. However, this finding is made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: June 20, 2024

_____
HONORABLE LAUREL BEELER
United States Magistrate Judge